1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | **AFFIDAVIT** |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR A WARRANT AUTHORIZING THE ) | |
| INSTALLATION AND MONITORING OF ) | (Fed. R. Crim. P. 41; |
| A TRACKING DEVICE ON A ) | 18 U.S.C. § 3117) |
| 2012 FORD PICKUP ) | |
| KENTUCKY LICENSE PLATE ) | |
| NUMBER 590764 ) | (UNDER SEAL) |

\* \* \* \* \*

Jason Moore, Special Agent, Drug Enforcement Administration (Affiant), being duly sworn, deposes and states:

## INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C) and 18 U.S.C. §§ 2703(c)(1)(A), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Special Agent with the United States Drug Enforcement Administration (DEA) since 2009. In that capacity, I am authorized to apply for a warrant under Rule 41 of the Federal Rules of Criminal Procedure.

2. I am currently assigned to the Lexington Resident Office (LRO) and have been since August 2015. My current duty assignment includes, but is not limited to, investigating complex drug conspiracies and organizations and individuals involved in

2

the possession of and trafficking in controlled substances. Prior to my current assignment with the DEA, I was a felony prosecutor in the 44th and 22nd Judicial Circuits in the state of Kentucky from approximately 2004 to 2009. I am authorized and have the responsibility to investigate and arrest persons for violations of federal law, involving the unlawful distribution of drugs, (21 U.S.C. § 841(a)(1)), attempt and conspiracy to commit the same (21 U.S.C. § 846), and money laundering, (18 U.S.C. § 1956 and 1957) [hereinafter referred to as "Target Offenses"].

3. I submit this Affidavit in support of an Application for an Order pursuant to Federal Rule of Criminal Procedure 41, authorizing agents of the DEA to affix a location tracking device to a 2012 Ford Pickup with Kentucky license plate 590764 to ascertain its movements in real time [hereinafter referred to as "Requested Information"]. This vehicle is utilized by David C. Sam, a central Kentucky area methamphetamine drug trafficker. A check of a reliable law enforcement database revealed that the vehicle is registered to David C. Sam and Stephanie Sam at 415 Harmon Heights, Stanford, Kentucky. Based on the investigation to date, there is probable cause to believe that the installation of a tracking device on the exterior of the subject vehicle will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes. The tracking mechanism to be utilized is a cellular based device protected in a plastic case that will be installed on the exterior of the subject vehicle.

4. I have personally participated in the investigation set forth below. I am

3

familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other DEA agents and other law enforcement; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation. Since this Affidavit is being submitted for the limited purpose of securing an Order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation.

5. Probable cause exists to believe that the Requested Information will constitute or lead to evidence of offenses involving members of the Sam drug trafficking organization (DTO) and the conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. § 846 and 841(a)(1) as well as the identification of other individuals who are engaged in the commission of these offenses. The Requested Information will identify specific locations utilized by this DTO to receive and store illegal drugs, the times at which these shipments are present in the Eastern District of Kentucky, and the role of DTO members both known and unknown.

6. For the reasons set out in this Affidavit, there is probable cause to believe that the Target Offenses have been committed, are being committed, and will continue to be committed by David C. Sam and others. Furthermore, there is probable cause to believe that Sam is using the 2012 Ford Pickup with Kentucky license plate 590764 to facilitate the commission of the Target Offenses.

## Background of Investigation

7. Currently, Sam is the target of a drug investigation by members of the DEA

4

Lexington Resident Office. Sam was identified by a DEA confidential source (CS) as a pound level trafficker of methamphetamine operating in the Lexington, Kentucky area. This established DEA CS is working for consideration as to potential criminal liability. To date this CS has provided reliable information which has led to the arrests of multiple individuals and the seizure of significant quantities of drugs and drug proceeds. Where possible, investigators have independently corroborated CS information in this and other investigations. Sam was previously convicted of the amended charge of Possession Controlled Substance First Degree, Heroin in Boyle County (Kentucky) Circuit Court Case 14-CR-00015 for which he was sentenced to 3 years in prison to run concurrent with 5 year sentences for convictions of Fleeing and Evading First Degree as well as Criminal Mischief Frist Degree.

8. Beginning on 1-18-2023 through 2-2-2023, CS communicated with Sam via voice call and text message at telephone number 606-501-7702 for the purpose of negotiating the purchase of 1 pound of methamphetamine. These calls were monitored in real time by controlling agents and have been preserved by investigators. During these communications, Sam detailed that he could provide CS methamphetamine for between $2,200.00 and $2,400.00 a pound with Sam claiming to have access to as much as 10 pounds of methamphetamine at once. On 2-2-2023, Sam agreed via a telephone call to deliver CS a quantity of methamphetamine to purchase in Lexington, Kentucky.

9. On 1-20-2023, affiant provided a DEA administrative subpoena to service provider AT&T requesting subscriber information for telephone number 606-501-7702.

5

That same day, AT&T complied with the subpoena and detailed that telephone number 606-501-7702 is subscribed to Stephanie Sam with a billing address of 415 Harmon Heights, Stanford, Kentucky. In Jessamine County District Court Case 22-T-02373, Sam was charged with a traffic offense and utilized 415 Harmon Heights, Stanford, Kentucky as his address of record. This is the same address utilized as the registered address for Sam's Ford pickup with Kentucky license plate 590764.

    10.    On 2-2-2023, Sam stated he was traveling to CS from "Stanford" to deliver methamphetamine. At approximately 12:00 pm, a member of the DEA LRO observed as a white Ford pickup with Kentucky license plate 590764 traveled through Nicholasville, Kentucky towards Lexington, Kentucky. The investigator knew this to be a vehicle associated with Sam. A check of a reliable law enforcement database revealed license plate number 590764 to be assigned to a 2012 Ford F-150 registered to David C. Sam at 415 Harmon Heights Stanford, Kentucky.

    11.    DEA LRO surveillance team members maintained physical surveillance of Sam's Ford pickup until such time as it arrived in Lexington, Kentucky at the meet location designated by CS for the methamphetamine transaction. At that location, investigators observed Sam exit the driver's seat of the Ford pickup and meet with the CS for purpose of providing CS in excess of 250 grams of methamphetamine. This transaction was monitored in real time utilizing an electronic kel. Following the transaction, affiant retrieved the suspected methamphetamine from the CS and transported the same to the DEA LRO for processing. At that location, affiant utilized a

6

reliable field testing kit which showed the substance to be positive for the presence of methamphetamine.

12. It is anticipated that a subsequent purchase of methamphetamine will occur within the next 30 days from Sam or additional shipments of methamphetamine from sources of supply to Sam will be received within the next thirty (30) days).

13. Based on this transaction, it has been established that Sam utilizes the Ford pickup with Kentucky license plate 590764 to transport illegal drugs which he sells in the Eastern District of Kentucky. The Requested Information will yield future additional information regarding the possible storage locations of Sam's methamphetamine, the storage location of proceeds from Sam's sale of methamphetamine, Sam's source of supply for illegal drugs, and other customers to whom Sam distributes illegal drugs. Through training and experience, affiant is aware that the real time location tracking of vehicles utilized by DTO members such as Sam provides invaluable insight into the daily operations of the organization and affords investigators the opportunity to conduct extended surveillance while minimizing the risk of exposing the investigation. Investigators will be able to identify with specificity the locations used by Sam and potentially other coconspirators to store illegal drugs in the Lexington, Kentucky area. In this instance, investigators seek to identify Sam's local source of supply for methamphetamine and the location or locations at which he stores illegal drugs. A tracking device will allow agents to monitor the movements of Sam in those efforts. Additionally, investigators seek to identify any addresses Sam generates to receive

7

shipments through the mail of quantities of methamphetamine. Affiant is aware that frequently DTO members utilize multiple vehicles to thwart law enforcement's ability to consistently track their movements but at this time this is the only vehicle investigators have observed Sam utilize to deliver controlled substances. Using this investigative tool, agents will be able to conduct surveillance of potentially other drugs transactions that might otherwise go undetected and gather intelligence and evidence against the DTO as a whole.

## Authorization Request

14. Based on the foregoing, I know that David C. Sam is an active member of a DTO continuing to operate in central Kentucky. I believe that the Requested Information will provide significant evidence in this ongoing criminal investigation. Specifically, I believe that the real time location tracking of the Ford pickup with Kentucky license plate 590764 over the next 30 days will assist in tracking the movements of Sam, help identify his storage location for bulk shipments of illegal methamphetamine, and identify his sources of supply for illegal drugs and his customers for the same. This Requested Information may potentially yield additional locations used by Sam to store unlawful proceeds of narcotics sales, and identify assets which Sam has derived from the unlawful sale(s) of narcotics. Additionally, the Requested Information will facilitate investigators efforts to conduct surveillance of Sam without detection.

15. Based on the foregoing, there is probable cause to believe that the

8

Requested Information will lead to evidence regarding the criminal activities described above. The Requested Information is necessary to determine the approximate location of the Ford pickup a with Kentucky license plate 590764 so that law enforcement agents can conduct physical surveillance of Sam and gather further admissible evidence in connection with expected transactions involving controlled substances and money laundering.

16. To ensure the safety of the executing officers and to avoid premature disclosure of the investigation, it is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours. I further request that in the event the subject vehicle is not located at Sam's residence, that law enforcement be permitted to install, repair, replace, and remove the tracking device where the subject vehicle is located, while the subject vehicle is on a publicly accessible property.

17. In the event that the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of **30 days** following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

18. It is requested that the warrant and accompanying affidavit and application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against the

9

flight of fugitives, and better ensure the safety of agents and others, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be served on special agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.

19. In accordance with 18 U.S.C. 3103(a)(b) and Federal Rule of Criminal Procedure 41(f)(3), I request that the warrant delay notification of the execution of the warrant for a period **not to exceed 30 days** after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation.

## Conclusion

20. WHEREFORE, I respectfully request that the Court issue a warrant authorizing members of DEA LRO or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in or on the subject vehicle within the Eastern District of Kentucky within 14 calendar days of the issuance of the requested warrant, and to remove said tracking device from the subject vehicle after the use of the tracking device has ended; to surreptitiously enter and/or move the subject vehicle to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device, for a period of 30 days following the issuance of the warrant, including when the tracking

10

device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Eastern District of Kentucky.

/s/ Jason Moore

Jason Moore, Special Agent
Drug Enforcement Administration

Attested to by applicant per FRCrP 4.1 by reliable electronic means on this 14th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE